UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARA LEE B.,

                Plaintiff,

  v.

ANDREW M. SAUL,
Commissioner of Social Security.

                Defendant.

CASE NO. C19-0936-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1976.[1] She completed high school and has past relevant work as a hospital admitting clerk. (AR 24, 56, 58.) She also worked as a cafeteria attendant, child monitor, and sorter, but not to the level of past relevant work.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed an SSI application on January 7, 2016, alleging disability beginning November 15, 2015. (AR 15.) Her application was denied at the initial level and on reconsideration.

On December 18, 2017, ALJ Larry Kennedy held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 31-67.) On July 2, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 15-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review April 10, 2019 (AR 6-10), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff engaged in substantial gainful activity from January 2015 through December 2016. He also made alternative findings for the remaining steps of the sequential evaluation. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's bipolar disorder and personality disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant is unable to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all

exertional levels with non-exertional limitations. Plaintiff can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and simple duties that can be learned on the job in a short period. She can work in proximity to co-workers but not in a cooperative or team effort. She requires a work environment that has no more than superficial interactions with co-workers and is predictable, with few work setting changes. She cannot deal with the general public as in a sales position or where the public is frequently encountered as an essential element of the work, but incidental contact of a superficial nature is not precluded. With this RFC, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a production assembler, hand packager, and bench hand.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in assessing two medical opinions. She requests remand for further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Step One

At step one of the sequential evaluation process, the ALJ considers whether a claimant has been gainfully employed ("substantial gainful activity" or "SGA") since the alleged disability onset date. *See* 20 C.F.R. § 416.920. Generally, the primary consideration is whether plaintiff has average earnings above the level ordinarily considered to be SGA. § 416.974(b). Here, the ALJ found plaintiff's earnings during the relevant period "substantial." (AR 17.) A finding of SGA at step one results in a finding of non-disability and the sequential analysis need go no further. § 416.920(a)(4)(i). Plaintiff does not challenge the ALJ's step one finding. Therefore, practically speaking, any error at a subsequent step would be harmless. In this case, the ALJ's unchallenged step one finding renders moot plaintiff's challenge to the ALJ's consideration of the medical opinion evidence, and requires affirmance of the ALJ's decision. However, since the ALJ continued in the alternative with the remaining steps in the sequential analysis, the Court will also proceed in the alternative to consider plaintiff's assignment of error.

## Medical Opinions

Plaintiff argues the ALJ failed to provide germane reasons for giving only slight weight to the opinion of treating nurse practitioner Margaret Sekijima and failed to provide reasons supported by substantial evidence for giving only slight weight to the opinion of psychologist Geordie Knapp, Psy.D.[2]

---

[2] New regulations, applicable to claims filed after March 27, 2017, include advanced practice registered nurses, audiologists, and physician assistants as acceptable medical sources, and recognize other

ORDER
PAGE - 4

Because the record contained contradictory opinions from non-examining state agency psychologists Carla Van Dam, Ph.D. and John Robinson, Ph.D. the ALJ could reject the opinion of Dr. Knapp with specific and legitimate reasons, supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The opinion of ARNP Sekijima was entitled to less weight and could be discounted for germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court, for the reasons set forth below, finds the ALJ provided legally sufficient reasons for rejecting the opinions of both Dr. Knapp and ARNP Sekijima.

1. <u>Margaret Sekijima, ARNP</u>

As an "other medical source", the opinion of ARNP Sekijima may be disregarded if the ALJ gives germane reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010). The ALJ gave "slight weight" to ARNP Sekijima's opinion that plaintiff has marked limitations in the ability to work within a schedule, maintain appropriate workplace behavior, communicate with others, and complete a normal workday and workweek. (AR 415-18.) The ALJ noted the lack of narrative explanation for the limitations, without the citation to clinical findings or other evidence as support. ARNP Sekijima appeared to rely on plaintiff's subjective symptoms, noting some "brief and vague findings" that "fall short of persuasively establishing marked functional limitations." (AR 23, 418.) Plaintiff disputes this, pointing to treatment notes elsewhere in the record as a source of ARNP Sekijima's clinical observations. However, the chart notes for visits prior to ARNP Sekijima's evaluation consist primarily of history provided by plaintiff, with a few findings under "Mental Status Exam" reasonably characterized by the ALJ as "brief and vague" and falling "far short of persuasively establishing

---

licensed heath care workers as "medical sources" and other sources of evidence as "nonmedical sources." 20 C.F.R. §§ 404.1502, 416.902. Plaintiff's claim was filed prior to the effective date of this regulation.

ORDER
PAGE - 5

marked functional limitations." (AR 23.) The ALJ also noted ARNP Sekijima's apparent unawareness plaintiff was able to homeschool her children and her daily marijuana use. Plaintiff urges another interpretation of this evidence, but the ALJ's interpretation is at least equally reasonable. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995))). Any one of these germane reasons are legally sufficient to support the ALJ's consideration of ARNP Sekijima's opinion.

2. Geordie Knapp, Psy.D

Plaintiff also challenges the ALJ's assessment of Geordie Knapp, Psy.D, who evaluated plaintiff on October 28, 2015 (AR 284-89) and November 23, 2016 (AR 419-23) at the referral of the Washington State Department of Social and Health Services. Plaintiff disputes any inconsistency between her reported activities of daily living as told to Dr. Knapp and ARNP Sekijima, but the ALJ reasonably discounted Dr. Knapp's assessment of severe limitations in performing within a schedule and completing a normal workday/week considering plaintiff's report less than a month earlier to ARNP Sekijima of "daily weekday visits to Evergreen, light housework, cooking, childcare". (AR 415.) The ALJ reasonably found the degree of deficits of memory and concentration noted by Dr. Knapp to be inconsistent with the psychologist's assessment of severe social limitations, and a review of Dr. Knapp's reports to indicate his heavy reliance on the history reported by plaintiff,[3] which the ALJ found not fully substantiated – a finding plaintiff does not challenge. For example, Dr. Knapp wrote "[w]hile her responses to questions were within normal limits her psychosocial and substance abuse history indicate

---

[3] Dr. Knapp did not review any medical records. (AR 284, 419.)

ORDER
PAGE - 6

impaired general and social judgment and poor insight." (AR 422.) Dr. Knapp accepted plaintiff's representation that she was clean and sober at the time of the evaluations, but in fact plaintiff does not dispute her daily marijuana use, which, legal or not, would be relevant to assessing her mental state and symptomatology at any given time. These serve as specific and legitimate reasons for assigning little weight to the opinion of Dr. Knapp. *See* 20 C.F.R. § 416.927(c)(3)-(4); *Molina*, 674 F.3d at 1111; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); and *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004)

The record, in sum, contains substantial evidence support for the ALJ's decision to find plaintiff more capable than assessed by ARNP Sekijima and Dr. Knapp.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 25th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge